E-FILED
Thursday, 14 April, 2022  02:00:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FRANKLIN LOFTON,                    )
    Plaintiff,                      )
                                    )
    vs.                             )          Case No. 21-3265
                                    )
BRITTANY GREENE, et. al.,           )
    Defendants                      )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint.  The

Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through

such process to identify and dismiss any legally insufficient claim, or the entire action if

warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state

a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Warden Brittany Greene, Dr.

Trusewych, Wexford Health Sources, Nursing Director Hays, Healthcare Administrator

Ashcraft, and Nurses Smith, Bowman, Adams, Clarkson, Winfield, and Jane Doe

violated his constitutional rights at Western Illinois Correctional Center.

On January 9, 2021, Plaintiff was suffering with extreme pain in his left

abdominal area.  Plaintiff was taken to the Health Care Unit (HCU) by wheelchair and

transferred to an outside hospital.  Plaintiff says he was diagnosed with "low

1

phosphorus levels" and doctors thought he might be dehydrated. (Comp., p. 3). Plaintiff was given pain medication and returned to the correctional center.

Defendant Nurse Bowman "was the reception nurse" and Plaintiff reported the pain mediation was wearing off and he was feeling slight pain. (Comp., p. 3).   The Defendant advised Plaintiff if it got worse, he should report it to a correctional officer.

Two days later on January 11, 2021, Plaintiff began throwing up and was again returned to HCU.  Plaintiff advised Defendant Nurses Adams, Smith, and Clarkson he was dizzy, fatigued, short of breath, and suffering with abdominal pain.  Plaintiff asked to see a doctor, but he was given medication for nausea and returned to his housing unit.

Plaintiff returned to HCU on January 14, 2021 and reported to unspecified medical staff members that his symptoms were getting worse.  Plaintiff now had pain when he urinated. Plaintiff again asked to see a doctor, but Plaintiff was told he would be placed on a waiting list.

Plaintiff met with Defendant Dr. Trusewych the next day.  The Defendant Doctor performed a prostate exam and diagnosed Plaintiff with prostatitis.  Plaintiff was given medication and told if his symptoms, he should inform an officer.

Two hours later, Plaintiff says his right side "went numb" and he had no control over his right-side motor skills. (Comp., p. 4).  Plaintiff hit the emergency call button, but Defendant Officer John Doe failed to investigate. An inmate ultimately notified a correctional officer approximately 13 minutes later and an emergency response team

was notified.   Plaintiff says he was not taken to HCU until 30 minutes after he hit the call button.

Plaintiff was taken to Culbertson Memorial Hospital, and then transferred to St. Johns Hospital in Springfield, Illinois. Plaintiff was diagnosed with hemolytic anemia or a disorder in which red blood cells are destroyed faster than they can be made.[1] Plaintiff says blood tests revealed his dangerously low blood oxygen levels.  Plaintiff was given four units of blood, a steroid, and other supplements.  Plaintiff remained in the hospital for eight days.

When Plaintiff returned to Western Illinois Correctional Center, he was not immediately provided with prescribed insulin to help regulate his blood sugar.  On January 24, 2021, Plaintiff reported headaches, dizziness, and blurred vision to Defendant Nurse Jane Doe.   The Defendant checked Plaintiff's blood sugar level, but despite high levels, said she could not provide insulin until the order was filled.

Plaintiff returned to the HCU the next day and his blood sugar level was even higher, but Defendant Nurse Winfield took no action.   Plaintiff continued to suffer with headaches, dizziness, and blurred vision for three days.

Plaintiff has adequately alleged Defendants Dr. Trusewych and Nurses Bowman, Adams, Smith, and Clarkson were deliberately indifferent to his serious medical

---

[1] JOHNS HOPKINS, Hemolytic Anemia, https://www.hopkinsmedicine.org/health/conditions-and-diseases/hemolytic-anemia (last visited April 11, 2022).

condition when they either delayed or failed to provide adequate care, follow-up, or testing for Plaintiff's symptoms from January 9, 2021 to January 15, 2021.

Plaintiff further alleges Defendant Nursing Director Ashcraft Hayes and HCU Administrator Ashcraft were deliberately indifferent to his serious medical condition when they knew of his frequent visits to HCU, his symptoms, and his requests to see a doctor, but delayed scheduling a physician's visit from January 9, 2021 to January 15, 2021.

Plaintiff also claims Defendant Correctional Officer John Doe was responsible for a delay in providing care for his serious medical condition when he failed to respond to the emergency call button. "To show that a delay in providing treatment is actionable under the Eighth Amendment, a plaintiff must also provide independent evidence that the delay exacerbated the injury or unnecessarily prolonged pain." *Petties v. Carter*, 836 F.3d 722, 730-31 (7th Cir. 2016). While it is doubtful Plaintiff can show the brief delay attributed to this Defendant rises to the level of a constitutional violation, Plaintiff can proceed past initial review. *See Latko v. Cox,* 2021 WL 5234863, at *3 (7th Cir. 2021) (finding a 15-minute delay in summoning medical help is not constitutionally insignificant as a matter of law).

Next, Plaintiff alleges Defendant Nurses Winfield and Jane Doe failed to take any action to obtain the prescribed and needed insulin for three days despite blood test results and reported headaches, dizziness, and blurred vision.

Plaintiff has not articulated any claim against Warden Greene and his allegation that Wexford "provided nurses that inadequately treated plaintiff" does not articulate a

4

constitutional claim. (Comp, p. 8). *See i.e. Hansen v. Wexford Health*, 2021 WL 2413393, at *1 (N.D.Ind. June 14, 2021)(" Wexford Health isn't liable under 42 U.S.C. § 1983 for what its employees did"); *see also Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

Plaintiff next alleges Defendants Dr. Trusewych, Hayes, Ashcraft, and Nurses Bowman, Adams, Smith, Winfield, Clarkson, and Jane Doe were negligent, committing the state law tort of medical malpractice. Illinois law requires any Plaintiff who is seeking damages for medical malpractice to file an affidavit with the complaint providing required information about his condition. *See* 735 Ill. Comp. Stat. § 5/2-622(a); *see also Young v. United States*, 942 F.3d. 349, (7th Cir. Nov. 4, 2019). Plaintiff must comply with these requirements before the summary judgment phase in this case. *See Young,* 942 F.3d. at 351-352. Failure to do so will lead to the dismiss of his medical malpractice claim. *Id.*

Plaintiff has also filed a Motion for Appointment of Counsel. [5]. The Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

> Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

Ultimately "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant." *Pruitt v. Mote*, 503 F.3d 647, 655

(7th Cir. 2007)(internal quotation omitted). The text is whether the litigant is competent to litigate his own claims. *Pruitt,* 503 F.3d 655.

Specifically, the Court must consider two questions.  First, "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).  Plaintiff has provided a list of attorneys he has contacted.

Therefore, the Court must focus on the second inquiry, "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt,* 503 F.3d at 655. The Court must consider all aspects of the litigation including gathering evidence and responding to motions. *Eagan v. Dempsey*, 2021 WL 456002, at *8.

Plaintiff says he has no legal or medical training and therefore needs assistance. However, Plaintiff's complaint provides a clear overview of his claims which is more on point than many *pro se* litigants. Plaintiff will be able to obtain copies of medical records during discovery.  In addition, Plaintiff is clearly able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).

Once the Defendants are served, the Court will set this matter for a hearing to discuss Plaintiff's claims, potential defenses, the Doe Defendants, and needed discovery.  In addition, the Court will enter a Scheduling Order which will provide

6

additional information to assist a pro se Plaintiff with the discovery process.  Based on
the current record, the motion is denied. [5].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the
Court finds the Plaintiff alleges: a) Defendants Dr. Trusewych and Nurses
Bowman, Adams, Smith, and Clarkson were deliberately indifferent to Plaintiff's
serious medical condition when they either delayed or failed to provide adequate
care, follow-up, or testing for Plaintiff's symptoms from January 9, 2021 to
January 15, 2021; b). Nursing Director Ashcraft Hayes and HCU Administrator
Ashcraft were deliberately indifferent to Plaintiff's  serious medical condition
when they knew of his frequent visits to HCU, his symptoms, and his requests to
see a doctor, but delayed scheduling a physician's visit from 9, 2021 to January
15, 2021; c) Defendant Correctional Officer John Doe was deliberate indifferent to
Plaintiff's serious medical condition when he failed to respond to an emergency
call button on January 15, 2021 for approximately 15 minutes; and d) Plaintiff
alleges Defendant Nurses Winfield and Jane Doe failed to take any action to
obtain the prescribed and needed insulin for three days despite blood test results
and reported headaches, dizziness, and blurred vision.  Plaintiff may also
proceed with a state law medical malpractice claim against Defendants Dr.
Trusewych, Hayes, Ashcraft, and Nurses Bowman, Adams, Smith, Winfield,
Clarkson, and Jane Doe if he complies with the requirements of 735 Ill. Comp.
Stat. § 5/2-622(a) by summary judgment state. *See Young v. United States*, 942

7

F.3d. 349, (7th Cir. Nov. 4, 2019). Plaintiff must comply with these requirements before the summary judgment phase in this case.  The federal claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained

8

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Wexford and Warden Greene for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel, [5]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 14th day of April, 2022.

s/James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE